THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
ANNA SIEGEL, Defendant.

County Court, Kings County, June 19, 1950.

*Louis L. Friedman* for defendant.

*Miles F. McDonald, District Attorney (Frank Di Lalla* of counsel), for plaintiff.

Marasco, J.   The defendant was indicted on May 19, 1949, and charged with the crime of perjury, first degree.   Subsequently defendant moved for an inspection of the grand jury minutes and the motion was granted on September 23, 1949. Thereafter on December 13, 1949, a motion was made to dismiss the indictment, and it was denied.

The indictment referred to charges, in substance, that the defendant appeared before one Leonard Zimmerman, a notary public acting for the comptroller of the City of New York in connection with a claim she had filed against the City of New York for personal injuries, by whom she was *sworn* and examined with respect to her claim.   That during the course of such examination, the defendant was asked if she had been involved in any previous accidents and replied that she had not.   That on the trial of a civil action, based on said claim, brought in the Supreme Court, the defendant testified that she had been involved in four previous accidents.

On May 18, 1950, a superseding indictment was filed charging the defendant with the crime of perjury in the first degree.   This indictment alleges that defendant had appeared before Leonard Zimmerman, *chief examiner of the comptroller of the City of New York,* '' who had authority to administer an oath,'' and that after defendant was sworn by the said Leonard Zimmerman, she knowingly testified falsely that she had never before had an accident, '' whereas, in truth and in fact said Anna Siegel did have an accident prior to said December 17, 1945, and did prior thereto file a claim against the City of New York and did sue the City of New York and other people.''

The defendant now moves for an order to inspect the grand jury minutes upon which the superseding indictment was found and for a dismissal of the said superseding indictment.

Two questions are presented for the consideration of the court on the instant motion.

First: Is the testimony of the defendant, which forms the basis for the charge of perjury, first degree, *material*?

Second: Did Leonard Zimmerman, chief examiner for the comptroller of the City of New York, have authority to administer an oath in connection with the presentation of the claim of the defendant against the City of New York for personal injuries alleged to have been sustained by her?

As to the former, the court disposes of it by reference to a previous decision, where the identical proposition was raised. (*People* v. *Siegel,* N. Y. L. J., Dec. 2, 1949, p. 1485, col. 5.)

As to the latter, the authority to administer an oath in connection with a claim against the City of New York:

Section 93d–1.0 of the Administrative Code of the City of New York provides: " the comptroller may require any person presenting for settlement an account or *claim* for any cause against the city or the board of education *to be sworn before him or either of the deputy comptrollers,* touching such account or claim, and when so sworn, to answer orally as to any facts relative to the justness of such account or claim. Wilful false swearing before the comptroller or deputy comptroller is perjury and punishable as such. \* \* \* " (Italics supplied.)

The obvious meaning of the language of the code just quoted, is that the authority to administer an oath, in connection with the purposes set forth therein, is expressly reserved by and limited to the comptroller of the City of New York or either of the deputy comptrollers. No other construction may be given, nor is the court aware of the existence of any provision of law or section of the Administrative Code of the City of New York which permits the delegation of such authority to any person other than those referred to, i.e., the comptroller or either of the deputy comptrollers.

A charge of perjury cannot be sustained unless it appears that the testimony which forms the basis of the charge, was given in a proceeding where the oath was *administered by a person authorized to administer it.*

The indictment specifically alleges that the defendant was sworn by the chief examiner of the comptroller of the City of New York. Therefore for the purpose of this motion, it must be conceded that the defendant was not sworn by either the comptroller or either of the deputy comptrollers.

We may conclude, therefore, that since the chief examiner had no authority to administer an oath, the defendant when she gave the testimony, which forms the basis for the indictment, was not testifying while under oath.

It follows, therefore, that the defendant cannot be guilty of perjury on the basis of the unsworn testimony she gave in the proceeding conducted by the chief examiner in connection with her claim for personal injuries against the City of New York.

The motion to dismiss the indictment is accordingly granted.